**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE RADIOSHACK ERISA LITIG.** | **MDL Docket No.**_____ |

**NOTICE OF MOTION TO TRANSFER LITIGATION TO THE
NORTHERN DISTRICT OF TEXAS FOR CONSOLIDATED
AND COORDINATED PRETRIAL PROCEEDINGS**

PLEASE TAKE NOTICE, that pursuant to Rule 7.2 of the Rules of Procedure of the

Judicial Panel on Multidistrict Litigation, and upon the accompanying Schedule of Actions, the

Memorandum of Law in Support of Defendants' Motion, and exhibits attached thereto, all

Defendants will move this Panel for an order transferring and coordinating the actions styled:

Goldstein et al. v. RadioShack Corporation et al., Civil Action 06-285, pending in the United

States District Court for the Eastern District of Texas, Tyler Division; Maxwell v. RadioShack

Corporation et al., Civ. No. 06-499, pending in the United States District Court for the Northern

District of Texas, Fort Worth Division; Outlaw v. RadioShack Corporation et al., Civ. No. 06-

900, pending in the United States District Court for the Northern District of Texas, Fort Worth

Division; and, Cormier v. RadioShack Corporation et al., Civ. No. 07-285, pending in the United

States District Court for the Northern District of Texas, Fort Worth Division, for consolidated

and coordinated pretrial proceedings before Judge Terry R. Means in the Northern District of

Texas, Fort Worth Division.

Answering papers, if any, shall be served so as to be received by the undersigned on or

before _____, 2007.

Dated:  June 13, 2007                              Respectfully submitted,

                                                   _____
                                                   Michael L. Banks
                                                   Brian T. Ortelere
                                                   Jeremy P. Blumenfeld
                                                   Silvia A. LeBlanc
                                                   Morgan, Lewis & Bockius LLP
                                                   1701 Market Street
                                                   Philadelphia, Pennsylvania  19103-2921
                                                   Tel.  215.963.5000
                                                   Fax:  215.963.5001

                                                   COUNSEL FOR DEFENDANTS RADIOSHACK CORPORATION, THE
                                                   ADMINISTRATIVE COMMITTEES OF RADIOSHACK, THE RADIO SHACK
                                                   BOARD OF DIRECTORS, FRANK J. BELATTI, RONALD E. ELMQUIST,
                                                   ROBERT S. FALCONE, DANIEL R. FEEHAN, RICHARD J. HARNANDEZ, H.
                                                   EUGENE LOCKHART, JACK L. MESSMAN, WILLIAM G. MORTON, JR.,
                                                   THOMAS G. PLASKETT, EDWINA D. WOODBURY, DAVID EDMONDSON,
                                                   CLAIRE H. BABROWSKI, DAVID G. BARNES, DAVID P. JOHNSON,
                                                   JOHNSON H. BRADLEY, J. MILLS, RANDY RAY AND ARNOLD GROTHUES

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE RADIOSHACK ERISA LITIG.** | **MDL Docket No.**_____ |

**MOTION OF DEFENDANTS FOR TRANSFER OF
LITIGATION TO THE NORTHERN DISTRICT OF TEXAS FOR
CONSOLIDATED AND COORDINATED PRE-TRIAL PROCEEDINGS**

      1.      Defendants RadioShack Corporation ("RadioShack" or the "Company"), the Administrative Committee of RadioShack, Frank J. Belatti, Ronald E. Elmquist, Robert S. Falcone, Daniel R. Feehan, Richard J. Harnandez, H. Eugene Lockhart, Jack L. Messman, William G. Morton, Jr., Thomas G. Plaskett, Edwina D. Woodbury, David Edmondson, Claire H. Babrowski, David G. Barnes, and David P. Johnson, Johnson H. Bradley, J. Mills, Randy Ray and Arnold Grothues, by and through their undersigned attorneys, respectfully move the Panel for an order, pursuant to 28 U.S.C. §1407, transferring the actions identified in the Schedule of Actions served and filed herewith to the United States District Court for the Northern District of Texas before Judge Terry R. Means for coordinated or consolidated pretrial proceedings.

      In support of such transfer and as set forth in greater detail in the accompanying Memorandum of Law, movants state the following:

## BASIS FOR THIS MOTION

2.      Current and former employees of RadioShack and participants in the RadioShack 401(k) Plan ("Plan") have filed four class actions in two separate judicial districts against RadioShack alleging, *inter alia*, that the price of RadioShack stock was inflated during the putative class periods, making the continued holding of RadioShack stock in the Plan at the inflated price "imprudent."

3.      This motion seeks the transfer and coordination of those actions (collectively, the "RadioShack ERISA cases"):

- ▪ Goldstein et al. v. RadioShack Corporation et al., Civil Action 06-285, pending in the United States District Court for the Eastern District of Texas, Tyler Division ("Goldstein"), which Complaint is attached as Exhibit A and which Docket is attached as Exhibit B; and,

- ▪ Maxwell v. RadioShack Corporation et al.; Civ. No. 06-499, pending in the United States District Court for the Northern District of Texas, Fort Worth Division ("Maxwell"), which Complaint is attached as Exhibit C and which Docket is attached as Exhibit D; and,

- ▪ Outlaw v. RadioShack Corporation et al., Civ. No. 06-900, pending in the United States District Court for the Northern District of Texas, Fort Worth Division ("Outlaw"), which Complaint is attached as Exhibit E and which Docket is attached as Exhibit F; and,

- ▪ Cormier v. RadioShack Corporation et al., Civ. No. 07-285, pending in the United States District Court for the Northern District of Texas, Fort Worth Division ("Cormier"), which Complaint is attached as Exhibit G and which Docket is attached as Exhibit H.

4.      Because the Goldstein, Maxwell, Outlaw and Cormier actions involve common factual allegations, legal questions and involve many of the same individually-named defendants, the RadioShack ERISA cases should be coordinated for pretrial proceedings.

5.      Transfer of the RadioShack ERISA cases to the Northern District of Texas, Fort Worth Division would best serve the convenience of the parties and witnesses and promote the just and efficient conduct of all the actions.  The Northern District is particularly appropriate because, among other things:

   a.      Three of the four actions are now pending in the Northern District; and,

   b.      The Northern District of Texas, Fort Worth Division has by far the largest aggregation of Plan participants anywhere in the United States; and,

       c.     The predominance of relevant documents necessary for discovery are located in and around Fort Worth; and,

       d.     Defendants are located in and around Fort Worth.

6.     Absent transfer, the parties and courts will face the burden and expense of:

       a.     Needlessly duplicative discovery and discovery disputes;

       b.     Inconsistent pretrial rulings on substantive matters, including motions to dismiss, motions for class certification and/or for summary judgment; and

       c.     Requiring defendants to litigate the same issues in two different judicial districts on different schedules.

WHEREFORE Defendants respectfully request an Order:

(i)     Transferring the Goldstein action to the Northern District of Texas, Fort Worth Division for coordination for pretrial purposes with the Maxwell, Outlaw and Cormier actions already pending there before Judge Means;

(ii)    For such other and further relief as the Panel may deem just and proper.

Dated: June 13, 2007

Respectfully submitted,

Michael L. Banks
Brian T. Ortelere
Jeremy P. Blumenfeld
Silvia A. LeBlanc
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
Tel. 215.963.5000
Fax: 215.963.5001

COUNSEL FOR DEFENDANTS RADIOSHACK CORPORATION, THE
ADMINISTRATIVE COMMITTEES OF RADIOSHACK, THE RADIO SHACK
BOARD OF DIRECTORS, FRANK J. BELATTI, RONALD E. ELMQUIST,
ROBERT S. FALCONE, DANIEL R. FEEHAN, RICHARD J. HARNANDEZ, H.
EUGENE LOCKHART, JACK L. MESSMAN, WILLIAM G. MORTON, JR.,
THOMAS G. PLASKETT, EDWINA D. WOODBURY, DAVID EDMONDSON,
CLAIRE H. BABROWSKI, DAVID G. BARNES, DAVID P. JOHNSON,
JOHNSON H. BRADLEY, J. MILLS, RANDY RAY AND ARNOLD GROTHUES

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

**IN RE RADIOSHACK ERISA LITIG.**

**MDL Docket No.**_____

## SCHEDULE OF ACTIONS[1]

| Full Caption | District | Division | Case Number | Judge |
|---|---|---|---|---|
| Robert Maxwell, On Behalf of Himself and All Others Similarly Situated,<br><br>v.<br><br>RadioShack Corporation, Frank J Belatti, Ronald E Elmquist, Robert S Falcone, Daniel R Feehan, Richard J Hernandez, H Eugene Lockhart, Jack L Messman, William G Morton, Jr., Thomas G Plaskett, Edwina D Woodbury, David Edmondson, Claire H Babrowski, David G Barnes, David P Johnson, The RadioShack Administrative Committee, John Does 1-30 | In the United States District Court for the Northern District of Texas | Fort Worth Division | 4:06-CV-00499 | Terry R. Means |

---

[1]       Pursuant to Panel Rule 7.1(g), courtesy copies of complaints and docket sheets for each action are included in Defendants' volume of exhibits, filed separately, albeit contemporaneously, with Defendants' Motion.

| Full Caption | District | Division | Case Number | Judge |
|---|---|---|---|---|
| Robert Outlaw, on Behalf of Himself and All Others Similarly Situated,<br><br>v.<br><br>RadioShack Corporation, Frank J Belatti, Ronald E Elmquist, Robert S Falcone, Daniel R Feehan, Richard J Hernandez, H Eugene Lockhart, Jack L Messman, William G Morton, Jr., Thomas G Plaskett, Edwina D Woodbury, David Edmondson, Claire H Babrowski, David G Barnes, David P Johnson, The RadioShack Administrative Committee, John Does 1-30 | In the United States District Court for the Northern District of Texas | Fort Worth Division | 4:06-cv-00900 | Terry R. Means |
| Jeffrey V. Cormier, on Behalf of Himself and All Others Similarly Situated,<br><br>v.<br><br>Radio Shack Corporation, Radio Shack 401(k) Plan Administrative Committee , Johnson H Bradley, Arnold Grothues, David P Johnson, J. Mills, Randy Ray, Radio Shack Supplemental Plan Administrative Committee, Radio Shack Board of Directors, Frank J Belatti, Ronald E Elmquist, Robert S Falcone, Daniel R Feehan, Richard J Hernandez, H Eugene Lockhart, Jack L Messman, William G Morton, Jr, Thomas G Plaskett, Edwina D Woodbury, John Does 1 - 30 | In the United States District Court for the Northern District of Texas | Fort Worth Division | 4:07-cv-00285 | Terry R. Means |
| Alan Goldstein and Keith Rieders, On Their Own Behalf and On Behalf Of All Other Similarly Situated Persons,<br><br>v.<br><br>RadioShack Corporation, Administrative Committee of RadioShack Corporation, Frank J. Belatti, Daniel R. Feehan, Robert S. Falcone, Richard J. Hernandez, Jack L. Messman, David Johnson, Randy Ray, Arnold Grothues | In the United States District Court for the Eastern District of Texas | Tyler Division | 6:06-CV-285(MHS) | Michael H. Schneider |

Dated:  June 13, 2007                    Respectfully submitted,

                                         _____
                                         Michael L. Banks
                                         Brian T. Ortelere
                                         Jeremy P. Blumenfeld
                                         Silvia A. LeBlanc
                                         Morgan, Lewis & Bockius LLP
                                         1701 Market Street
                                         Philadelphia, Pennsylvania  19103-2921
                                         Tel.  215.963.5000
                                         Fax:  215.963.5001

                                         COUNSEL FOR DEFENDANTS RADIOSHACK CORPORATION, THE
                                         ADMINISTRATIVE COMMITTEES OF RADIOSHACK, THE RADIO SHACK
                                         BOARD OF DIRECTORS, FRANK J. BELATTI, RONALD E. ELMQUIST,
                                         ROBERT S. FALCONE, DANIEL R. FEEHAN, RICHARD J. HARNANDEZ, H.
                                         EUGENE LOCKHART, JACK L. MESSMAN, WILLIAM G. MORTON, JR.,
                                         THOMAS G. PLASKETT, EDWINA D. WOODBURY, DAVID EDMONDSON,
                                         CLAIRE H. BABROWSKI, DAVID G. BARNES, DAVID P. JOHNSON,
                                         JOHNSON H. BRADLEY, J. MILLS, RANDY RAY AND ARNOLD GROTHUES

                                              3

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

**IN RE RADIOSHACK ERISA LITIG.**

**MDL Docket No.**_____

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
## MOTION FOR TRANSFER LITIGATION TO THE
## NORTHERN DISTRICT OF TEXAS FOR CONSOLIDATED
## AND COORDINATED PRETRIAL PROCEEDINGS

Michael L. Banks
Brian T. Ortelere
Jeremy P. Blumenfeld
Silvia A. LeBlanc
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
Tel.  215.963.5000
Fax:  215.963.5001

COUNSEL FOR DEFENDANTS RADIOSHACK CORPORATION, THE
ADMINISTRATIVE COMMITTEES OF RADIOSHACK, THE RADIO SHACK
BOARD OF DIRECTORS, FRANK J. BELATTI, RONALD E. ELMQUIST,
ROBERT S. FALCONE, DANIEL R. FEEHAN, RICHARD J. HARNANDEZ, H.
EUGENE LOCKHART, JACK L. MESSMAN, WILLIAM G. MORTON, JR.,
THOMAS G. PLASKETT, EDWINA D. WOODBURY, DAVID EDMONDSON,
CLAIRE H. BABROWSKI, DAVID G. BARNES, DAVID P. JOHNSON,
JOHNSON H. BRADLEY, J. MILLS, RANDY RAY AND ARNOLD GROTHUES

Dated:  June 13, 2007

I.  **PRELIMINARY STATEMENT**

Defendants seek the transfer and coordination of four ERISA putative class actions

(collectively, the "RadioShack ERISA cases"), one of which is pending in the Eastern District of

Texas and three of which are pending in the Northern District of Texas:

- Goldstein et al. v. RadioShack Corporation et al., Civil Action 06-285, pending in the United States District Court for the Eastern District of Texas, Tyler Division ("Goldstein"), which Complaint is attached as Exhibit A and which Docket is attached as Exhibit B; and,

- Maxwell v. RadioShack Corporation et al.; Civ. No. 06-499, pending in the United States District Court for the Northern District of Texas, Fort Worth Division ("Maxwell"), which Complaint is attached as Exhibit C and which Docket is attached as Exhibit D; and,

- Outlaw v. RadioShack Corporation et al., Civ. No. 06-900, pending in the United States District Court for the Northern District of Texas, Fort Worth Division ("Outlaw"), which Complaint is attached as Exhibit E and which Docket is attached as Exhibit F; and,

- Cormier v. RadioShack Corporation et al., Civ. No. 07-285, pending in the United States District Court for the Northern District of Texas, Fort Worth Division ("Cormier"), which Complaint is attached as Exhibit G and which Docket is attached as Exhibit H.

These actions all have a common factual and legal nexus, as they are all based on common

factual allegations and legal theories: whether the fiduciaries of the RadioShack 401(k) Plan and

the RadioShack Supplemental Stock Purchase Plan (collectively, "Plans") breached their

fiduciary duties under ERISA by allowing participants in the Plans to invest a portion of their

assets in RadioShack stock while the stock allegedly was an imprudent investment.  Moreover,

each case is brought as a putative class action on behalf of participants in the Plans.  Simply put,

consolidation under 28 U.S.C. §1407 is necessary here to prevent inconsistent pretrial rulings,

conserve the resources of the parties, their counsel and the judiciary, and eliminate duplicative

discovery.  Defendants respectfully request, therefore, that the Panel coordinate and consolidate

the cases for pretrial purposes.

II.  **BACKGROUND OF THE LITIGATION**

On June 27, 2006, Plaintiffs Alan Goldstein and Keith Reiders filed a class action

complaint against RadioShack Corporation, its Administrative Committee, and a number of

individual defendants, in the Tyler Division of the Eastern District of Texas.  (See Docket (Exh.

B) at Entry 1). The Goldstein Complaint alleged, *inter alia*, that the fiduciaries of RadioShack's 401(k) and Supplemental Stock Purchase Plans ("Plans") should have sold the Plans' holdings in RadioShack stock during the putative class period (March 31, 2005 to the present), after the stock suffered a decline when the growth in the cellular telephone market, growth that had propelled RadioShack to record highs, slowed. (Goldstein Compl.¶31). The Goldstein case is pending before the Honorable Michael H. Schneider.

On July 19, 2006, and only a few weeks after Goldstein Complaint was filed, Robert Maxwell filed a substantially similar suit in the Northern District of Texas, Fort Worth Division, on behalf of a putative "class of all current and former participants in the Plan at any time from May 11, 2005 to the present." (Maxwell Compl. ¶26). Like Goldstein, the Maxwell plaintiff alleges that Defendants[2] breached their fiduciary duties by permitting investments in RadioShack stock during a period when that stock price declined. Although there is a slight variation in the starting date for the proposed class periods,[3] all of the Goldstein allegations are subsumed within Maxwell's complaint. The Maxwell case is pending before the Honorable Judge Terry R. Means.

On December 29, 2006, Robert Outlaw filed another class action against RadioShack in the Northern District of Texas, Fort Worth Division. (See Outlaw Docket (Exh. F) at Entry 1). His complaint is identical in all material respects to the Maxwell complaint and he is represented by the same counsel that represents Maxwell. The Outlaw case also is pending before Judge Means.

On May 11, 2007, Jeffrey Cormier filed a fourth action in the Fort Worth division of the Northern District of Texas. The Cormier action is substantially similar to the Goldstein,

---

[2]     All of the defendants named in the Goldstein action are named in the Maxwell action except for Randy Ray and Arnold Grothues, who are not named in the Maxwell Complaint. (Compare Goldstein Compl. at p. 1 with Maxwell Compl. at p. 1). Maxwell names several additional defendants, as well as "John Does 1 through 30." (Maxwell Compl. at p. 1).

[3]     Although the class definitions differ slightly in each complaint, the Panel has regularly ordered transfer of class actions involving potentially overlapping or conflicting class definitions. See Multidistrict Litigation Manual §5:14, n.18 (collecting cases).

Maxwell, and Outlaw cases, but for the addition of a fees and expenses count that is unique to Cormier.[4]  (See Cormier Compl. at ¶¶165-69).  The Cormier case also is pending before Judge Means.

On October 6, 2006, RadioShack filed a motion to dismiss the Goldstein claim, arguing that the statutory character and aims of the ESOP limit a fiduciary's duty to diversify Company stock investments to the most narrow of circumstances, none of which exist in plaintiffs' complaint.  (See Goldstein Docket (Exh. E) at Entry 17).  Defendants' motion is now fully briefed and is pending with the Court.  (Id.).  RadioShack also filed a motion to dismiss the Maxwell case on October 18, 2006, and anticipates filing similar motions to dismiss in the Outlaw and Cormier cases.  (See Maxwell Docket (Exh. E) at Entry 13).

Separately, RadioShack filed a motion to transfer the Goldstein action to the Northern District of Texas, which was denied on May 2, 2007.  (Judge Schneider's decision denying RadioShack's Motion to Transfer the Goldstein case is attached as Exhibit I.).  Of course, the trial court's denial of the motion under 28 USC §1404(a) did not consider the same factors (or the same burdens of proof) at issue in this Motion under §1407 and does not compel the same result.[5]  Moreover, Judge Schneider was not aware when he issued his May 2, 2007 Order that *after* RadioShack filed its Motion to Transfer the Goldstein case from the Eastern District to the Northern District, two additional putative ERISA class actions (the Outlaw and Cormier cases) were filed in the Northern District of Texas and that those two actions also were pending before Judge Means.

---

[4]      The existence of this claim does not preclude consolidation and coordination. See, e.g., In re General Motors Class E Buyout Sec. Litig., 696 F. Supp. 1546, 1546-47 (J.P.M.L. 1988); In re Aircraft Accident at Barrow, F. Supp. 996, 999 (J.P.M.L. 1979).

[5]      See In re American Financial Corp. Litig., 434 F. Supp. 1232, 1234 (J.P.M.L. 1977); In re Hotel Telephone Charge Antitrust Litig., 341 F. Supp. 771 (J.P.M.L. Mar. 30, 1972).  In any event, and although Judge Schneider finds that RadioShack did not meet its "strong" burden under §1404(a), his opinion makes clear that the "dispute will have a more concentrated impact in the Northern District, as a plurality of potential class members live and work in the Northern District."  (See Order (Exh. I) at 9).

4

On March 30, 2007, the <u>Maxwell</u> and <u>Outlaw</u> plaintiffs moved without opposition from Defendants to consolidate their cases. (<u>See</u> <u>Maxwell</u> Docket (Exh. E) at Entry 25). The <u>Maxwell</u>/<u>Outlaw</u> motion acknowledges the "substantial similarity of the parties and claims" in, at least, the <u>Maxwell</u> and <u>Outlaw</u> cases, and that "waste, confusion and delay" would "inevitably" arise from prosecuting related actions separately. (<u>Id.</u>). The <u>Maxwell</u> and <u>Outlaw</u> plaintiffs also ask that:

> for similar purposes of efficiency and effective administration, that any newly-filed ERISA actions or similar actions transferred to this jurisdiction [Northern District of Texas] also be subject to this Court's order and consolidated into the Maxwell Action.

(<u>Id.</u>). That Motion is pending before the Court. Separately, however, <u>Maxwell</u> and <u>Outlaw</u> have moved to transfer their actions from the Northern District of Texas to the Eastern District of Texas. Defendants oppose this motion.[6] Both the unopposed motion to consolidate and the opposed <u>Maxwell</u>/<u>Outlaw</u> motion to transfer are now pending before Judge Means. There is no motion to transfer the <u>Cormier</u> case pending or anticipated.

III.   **LEGAL CONTENTIONS**

The Multidistrict Litigation Act, 28 U.S.C. §1407, sets forth three requirements for transfer, all of which are easily met here. More specifically, the transfer must: 1) involve actions having one or more common questions of fact; 2) promote the just and efficient conduct of the actions; and 3) be for the convenience of the parties and witnesses. 28 U.S.C. §1407(a). All three of these criteria strongly support transferring the RadioShack ERISA actions for coordinated pretrial proceedings to Judge Means in the Northern District of Texas.

A.   **The RadioShack ERISA Actions Involve Common Questions of Fact.**

The Panel regularly transfers ERISA actions predicated on alleged breaches of fiduciary duties, like the RadioShack ERISA actions, that involve common questions of fact. <u>See</u>, <u>e.g.</u> <u>In re Standard Automotive Corp. Retiree Benefits ERISA Litig.</u>, 431 F. Supp. 2d 157 (J.P.M.L.

---

[6]   In short, while Defendants want to maximize efficiencies in all cases, transferring the <u>Maxwell</u> and <u>Outlaw</u> cases to the Eastern District of Texas will not accomplish that objective, because the <u>Cormier</u> case is pending in the Northern District and all of the cases are based on events that occurred in the Northern District and witnesses located in the Northern District.

2006)(coordinated two ERISA claims where both actions arise out of allegations of breach of fiduciary duties in connection with the management of Standard Automotive's 401(k) plan subsequent to its 2002 bankruptcy and sale); In re Am. Gen. Life & Accident Ins. Co. Retiree Benefits ERISA Litig., 387 F. Supp. 2d 1361, 1362 (J.P.M.L. 2005)(transfer appropriate where plaintiffs assert similar claims for breach of fiduciary duty arising from alleged misrepresentations or omissions concerning the terminability of retiree life insurance benefits by American General). There is no reason to depart from that rule here.

The complaints in Goldstein, Maxwell, Outlaw and Cormier actions specifically and unquestionably allege common questions of fact.[7] The gravamen of each lawsuit is the same – that Plan fiduciaries should have known that investment in RadioShack stock was "imprudent" throughout the class period:

| Goldstein Complaint | Maxwell and Outlaw Complaints | Cormier Complaint |
|---|---|---|
| ¶3, "Plaintiffs allege in Count I that the defendants named therein…breached their fiduciary duties by failing to prudently and loyally manage the Plan's investment in RadioShack Corporation [] stock by continuing to offer the Company stock when the stock was no longer a prudent investment for participants' retirement savings" | ¶3, "Plaintiff alleges that it was imprudent for the Plan to invest in RadioShack common stock because the common stock was too risky for a retirement plan investment..." | ¶6, "Plaintiff alleges that Defendants, as fiduciaries of the plan, breached their duties to him and other participants in the Plans by causing the Plans to invest in or hold RadioShack Stock when it was imprudent to do so." ¶7, "This failure runs directly counter to the primary purpose of the Plan, which is to help provide retirement funds." |

Each of these allegations require that the parties explore a common set of facts, including whether investment in RadioShack stock subjected plaintiffs to undue risk or whether, as Defendants allege, divestiture of the stock itself would have been imprudent given that the stock price rose over the long-term.

Moreover, all four complaints share similar allegations that RadioShack misrepresented or omitted material information from its press releases and filings with the Securities and Exchange Commission ("SEC") about its alleged over-investment in cellular telephony, see, e.g.,

---

[7] Again, in addition to his fiduciary breach claims, Cormier alleges a fees and expenses claim that does not overlap with any of the other complaints. As explained supra, n. 4, this claim should not prevent consolidation.

<u>Goldstein</u> Compl. ¶32, <u>Cormier</u> Compl. ¶65, and about its inventory, <u>Goldstein</u> Compl. ¶45, <u>Maxwell</u> Compl. ¶56. The parties would, therefore, need to explore in each case when, in fact, RadioShack allegedly omitted material information, or whether certain information was adequately and appropriately disclosed.

Accordingly, the four RadioShack ERISA actions share common issues of fact, all of which are central to all of the plaintiffs' claims here.

B.   **Pretrial Transfer and Coordination Will Advance The Just and Efficient Conduct of the Actions**

Where, as here, numerous complex actions are pending that present common issues of fact, transfer pursuant to Section 1407 is not just warranted, it is "<u>necessary</u> in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." <u>In re Cygnus Telecomms. Tech., LLC, Patent Litig.</u>, 177 F.Supp.2d 1375, 1376 (J.P.M.L. 2001)(emphasis added). Indeed, promoting the just and efficient conduct of the litigation has been found to be "the most important of the three criteria" under Section 1407. <u>In re Tabacco/Gov't Health Care Costs Litig.</u>, 76 F.Supp.2d at 8-9 (internal quotations omitted) <u>quoting</u> <u>In re Stirling Homex Corp. Sec. Litig.</u>, 442 F.Supp. 549; <u>see also</u> Wright, <u>Fed. Prac. & Proc.</u> §3863 at 535 (1986).

1.   <u>Transfer Will Avoid Duplication of Discovery.</u>

The Panel regularly transfers actions to avoid subjecting defendants to overlapping discovery in similar actions pending in multiple forums. <u>See</u> <u>In re Regents of the Univ. of Cal.</u>, 964 F.2d 1128, 1135-36 (Fed. Cir. 1992) (upholding the decision of the Panel to transfer for consolidated or coordinated pretrial proceedings where, among other things, the Panel relied on need for depositions common to all actions); <u>In re Gen. Tire & Rubber Co. Sec. Litig.</u>, 429 F.Supp. 1032, 1034 (J.P.M.L. 1977) (placing actions "under the control of a single judge" in order to "ensure that duplicative discovery on the complex factual questions will be prevented" and "eliminat[e] the possibility of conflicting pretrial rulings"); <u>In re Global Crossing</u>, 223

F.Supp. at 1385-86 ("centralization necessary to avoid duplicative discovery [and] prevent inconsistent pretrial rulings (especially with respect to questions of class certification)").

Assuming RadioShack is not dismissed at the pleadings stage, plaintiffs in each case will seek the same discovery, as all four cases contain similar factual allegations regarding alleged breaches of fiduciary duty. Specifically, plaintiffs in all the actions almost certainly will request that all defendants produce documents relating to the administration, management or oversight of the Plans and the investment of Plan assets. All plaintiffs will likely request prospectuses and quarterly or annual reports pertaining to investment options and funds provided to participants of the Plans, and all investment education material, communications, and information pertaining to any investment choices in the Plans. In addition, plaintiffs will likely to seek depositions of many of the same witnesses, including depositions of the individual overlapping defendants and a number of current and former executives of RadioShack.

In addition, the parties all will need to engage experts to analyze data related to Plan investments for purposes of class certification, and accordingly, the parties will save significant resources if motions for class certification are briefed and decided once. For these reasons, transfer and consolidation are warranted.

2.      Transfer Will Avoid Inconsistent Pretrial Rulings

Transfer and consolidation also are warranted to avoid potentially conflicting pretrial rulings. This consideration is particularly important here, where motions to dismiss already are pending; if those motions are not successful, motions regarding the scope of discovery, class certification,[8] and for summary judgment almost certainly will follow. See In re Transocean Tender Offer Sec. Litig., 415 F.Supp. 382, 384 (J.P.M.L. 1976) ("the likelihood of motions for partial dismissal and summary judgment in…actions grounded at least in part on [common questions of fact] makes Section 1407 treatment additionally necessary to prevent conflicting

---

[8]      The possibility of conflicting claims to class representation is palpable here, an additional reason for ordering transfer. See, e.g., In re Refrigerant Gas Antitrust Litig., 334 F. Supp. 996 (J.P.M.L. 1971).

pretrial rulings and conserve judicial effort."); <u>In re Cygnus Telecomms.</u>, 177 F.Supp.2d at 1376 (among other reasons, transfer necessary to prevent inconsistent pretrial rulings); <u>In re Practice of Naturopathy Litig.</u>, 434 F.Supp. 1240, 1243 (J.P.M.L. 1977) (transfer is not premature because of the defendants' desire to challenge the sufficiency of the complaints; noting that "presentation of these matters to a single judge will further the purpose of Section 1407").

3.   <u>Transfer Will Conserve the Resources of the Parties and Court</u>

Transfer of a factually related action also is appropriate where, as here, it will help to conserve the resources of the parties and the judiciary. <u>See, e.g.</u>, <u>In re Cygnus Telecomms.</u>, 177 F.Supp.2d at 1376 (transfer appropriate "in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned").

Transferring the RadioShack ERISA actions at this juncture will directly foster that objective. Absent transfer, the parties will be forced to litigate simultaneously the same issues in separate judicial districts. This would impose unnecessary burdens on the parties and a separate district court, which will be forced to litigate similar questions involving the factual background, structure and allegations related to RadioShack's Plans and their investments, and to resolve overlapping and complex legal questions under ERISA. Moreover, repetitive and potentially conflicting adjudications concerning substantially similar discovery disputes and other pretrial motions would constitute a waste of judicial resources that could easily be avoided by consolidation.

**C.   Transfer to the Northern District of Texas Will Best Serve the Convenience of the Parties and Witnesses**

As can be readily gleamed from the text of Section 1407's MDL transfer requirements, among the most important factors in the selection of a transferee forum are the location of the documents and witnesses and the residence and location of the defendants and the other relevant witnesses. <u>See In re Rio Hair Naturalizer Prods. Liab. Litig.</u>, 904 F.Supp. 1407,1408 (J.P.M.L. 1995)(recognizing the importance of a "geographically central location" in transferring actions under Section 1407); <u>In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.</u> 844

9

F.Supp. 1553, 1554 (J.P.M.L. 1994) (transferring nationwide litigation to "geographically central and accessible" district); In re Alert Income Partners Sec. Litig., 788 F.Supp. 1230, 1231 (J.P.M.L. 1992) ("because several of the [defendant] entities are headquartered in that district, critical parties, witnesses and documents are likely to be found there."); In re LTV Corp. Sec.Litig. 470 F.Supp. 859, 862 (J.P.M.L 1979) (transfer to district where defendant has headquarters, and thus the location of the relevant files, officers, directors, and employees); In re Air Crash Disaster at Sioux City Iowa on July 19, 1989, 128 F.R.D. 131, 132 (J.P.M.L. 1989) ("relevant documents can likely be found within this district at [defendant's] headquarters"); In re Transocean, 415 F.Supp. at 384 ("many of the key documents and witnesses are found" where defendants are headquartered. These considerations are especially important here, where the largest aggregation of Plan participants work in the Northern District of Texas. In re Delta Air Lines, Inc. "ERISA" Litig., 170 F. Supp. 2d 1359, 1360 (J.P.M.L. 2001)(approving transfer where the largest number of putative class members are located).

In filing three of the four actions in the Northern District of Texas, plaintiffs have already conceded that venue in the Northern District is not only proper, but the best place to advance their claims:

> Venue is proper in this district pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), because this is the district where some or all of the breaches took place, where one or more Defendants reside or may be found, and/or where the acts and transactions alleged herein, including the administration of the Plan, occurred.

(Maxwell Compl. ¶6). Judge Schneider, in his opinion on transfer, agreed, at least in part, that: "any acts or omissions giving rise to the Plaintiffs' breach of fiduciary duty claims likely occurred in Fort Worth." (Order (Exh. I) at 7).

The transfer will best serve the convenience of the parties and witnesses because most, if not all, of the relevant documents can be found in and around Fort Worth, the corporate headquarters of RadioShack, and where the Plan materials were generated and distributed. (See Affidavit of K. Bullard ("Bullard Aff.") dated June 11, 2007 attached hereto as Exhibit J, at ¶2). Additionally, the largest aggregation of defendants and Plan participants live and/or work in Fort

Worth. (Id. at ¶6). Current RadioShack employees who would be subject to deposition work, for the most part, at RadioShack's offices in Fort Worth. (Id. at ¶8). For that reason, Judge Schneider "f[ound] that [] the majority of potential witnesses are located in the Fort Worth Division of the Northern District." (Order (Exh. I) at 6). By contrast, none of the witnesses have ties to the Eastern District.[9] Accordingly, the convenience of the parties and witnesses undoubtedly will best be served if the RadioShack ERISA cases are transferred to the Northern District of Texas for coordinated pretrial proceedings.

There is no question that, as Judge Schneider found in his opinion, see supra n.5, the Northern District of Texas is impacted heavily by this litigation. RadioShack's headquarters is located at 300 RadioShack Circle, in Fort Worth, less than 1 mile away from the Northern District Courthouse, and 133.6 miles[10] from the Eastern District Courthouse. (Bullard Aff. at ¶2). The Plans are both administered in the Northern District. (Id.). Six of the fourteen individual Defendants in the Maxwell and Outlaw cases live or work within the Northern District. (Id. at ¶3). Four of the eight individual Defendants in the Goldstein case live or work within the Northern District. (Id.). Eight of the fifteen individual Defendants in the Cormier case live or work within the Northern District. (Id.) No Individual Defendant resides or works within the Eastern District. (Id.).

None of the RadioShack ERISA plaintiffs live or work in the Northern or Eastern Districts of Texas. Plaintiff Keith Rieders is a former RadioShack employee who, until January 3, 2005, lived and worked in Fort Worth. (Bullard Aff. at ¶10). Rieders now lives in Florida. (Id.) Plaintiff Alan Goldstein is a current RadioShack full-time sales associate who works and resides in Pennsylvania. (Id. at ¶11). Robert Maxwell was employed by RadioShack from September 2002 to December 2, 2005, and worked as a store manager in RadioShack's Emeryville,

_____

[9]      See also Order (Exh. I) at 7, "Plaintiffs have not identified any witnesses that are located in the Eastern District."

[10]      See http://maps.yahoo.com.

California location.  (Id. at ¶12).  Outlaw is also a resident of California.  (Outlaw Compl. ¶7).  Cormier is a resident of Connecticut.  (Cormier Compl. ¶16).

In stark contrast, the demographics of the participants are concentrated heavily in the Northern District of Texas:  of the 7,185 participants scattered across the country as of 2006 when the actions were filed, 1493 participants in the 401(k) Plan work within the Northern District compared to a mere 36 in the Eastern District.  (Bullard Aff. at ¶4).  Similarly, 485 Supplemental Stock Purchase Plan participants work in the Northern District, compared to only 3 in the Eastern District.  (Id. at ¶5).  The Northern District of Texas, Fort Worth Division has by far the largest aggregation of participants anywhere in the United States.  (Id. at ¶6).

IV.   **CONCLUSION**

For each of the reasons set forth above, it is respectfully submitted that the Panel should transfer the RadioShack ERISA cases for pretrial coordination in the Northern District of Texas before Judge Means.  Indeed, this result is warranted under 28 U.S.C. §1407 because: (i) the actions unquestionably involve common questions of fact; (ii) consolidation will best promote the just and efficient conduct of the actions; and (iii) the Northern District of Texas is the most convenient forum for the parties and witnesses.


Dated:  June 13, 2007                    Respectfully submitted,

                                         _____
                                         Michael L. Banks
                                         Brian P. Ortelere
                                         Jeremy P. Blumenfeld
                                         Silvia A. LeBlanc
                                         Morgan, Lewis & Bockius LLP
                                         1701 Market Street
                                         Philadelphia, Pennsylvania  19103-2921
                                         Tel.  215.963.5000
                                         Fax:  215.963.5001

                                         COUNSEL FOR DEFENDANTS RADIOSHACK CORPORATION, THE ADMINISTRATIVE
                                         COMMITTEES OF RADIOSHACK, THE RADIO SHACK BOARD OF DIRECTORS, FRANK
                                         J. BELATTI, RONALD E. ELMQUIST, ROBERT S. FALCONE, DANIEL R. FEEHAN,
                                         RICHARD J. HARNANDEZ, H. EUGENE LOCKHART, JACK L. MESSMAN, WILLIAM
                                         G. MORTON, JR., THOMAS G. PLASKETT, EDWINA D. WOODBURY, DAVID
                                         EDMONDSON, CLAIRE H. BABROWSKI, DAVID G. BARNES, DAVID P. JOHNSON,
                                         JOHNSON H. BRADLEY, J. MILLS, RANDY RAY AND ARNOLD GROTHUES

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

**IN RE RADIOSHACK ERISA LITIG.**

MDL Docket No._____

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing Notice of Motion, Motion, Brief, Schedule of Actions, Volume of Exhibits and this Certificate of Service was served via Electronic Filing on June 13, 2007, on the following:

Clerk, Northern District of Texas
Fort Worth, Texas

Clerk, Eastern District of Texas
Tyler, Texas

and that the following were served via Federal Express on June 13, 2007:

Thomas R. Ajamie
State Bar No. 00952400
Pennzoil Place South Tower
711 Louisiana, Suite 2150
Houston, Texas 77002

**Counsel for Plaintiff**
Jeffrey V. Cormier, N.D. Texas, C.A. No. 07-285

Ronald S. Kravitz (State Bar No. 00795147)
Kim Zeldin
LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP
199 Fremont Street, 20th Floor
San Francisco, CA 94105

**Counsel for Plaintiff**
Jeffrey V. Cormier, N.D. Texas, C.A. No. 07-285

Thomas E. Bilek
Hoeffner & Bilek, LLP
1000 Louisiana, Suite 1302
Houston, Texas 77002

**Counsel for Plaintiffs**
<u>Robert Maxwell</u>, N.D. Texas, C.A. No. 06-499
<u>Robert Outlaw</u>, N.D. Texas, C.A. No. 06-900

Thomas E. Bilek
Texas Bar No. 02313525
1000 Louisiana, Suite 1302
Houston, Texas 77002
Tel. (713) 227-7720
Fax. (713) 227-9404

**Counsel for Plaintiffs**
<u>Alan Goldstein, et al.</u>, E.D. Texas, C.A. No. 06-285

Debra R. Gross
Law Offices of Bernard M. Gross
100 Penn Square East, Suite 450
Juniper and Market Streets
Philadelphia, PA 19107

**Counsel for Plaintiffs**
<u>Alan Goldstein, et al.</u>, E.D. Texas, C.A. No. 06-285

Thomas J McKenna
Gainey & McKenna
295 Madison Ave
4th Floor
New York, NY 10017

**Counsel for Plaintiffs**
<u>Robert Maxwell</u>, N.D. Texas, C.A. No. 06-499
<u>Robert Outlaw</u>, N.D. Texas, C.A. No. 06-900

Lee Squitieri
Squitieri & Fearon, LLP
32 East 57th Street
New York, New York 10022

**Counsel for Plaintiffs**
<u>Alan Goldstein, et al.</u>, E.D. Texas, C.A. No. 06-285

Silvia A. LeBlanc
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
Tel. 215.963.5000
Fax: 215.963.5001