IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: RADIOSHACK CORP. § | MDL DOCKET NO. 1875 | |
| "ERISA" LITIGATION § | ALL CASES | |
| § | | |

_____

| | | |
|---|---|---|
| ROBERT MAXWELL and § | | |
| ROBERT OUTLAW § | | |
| § | | |
| VS. § | ACTION NO. 4:06-CV-499-Y | |
| § | (Cons. w/ 4:06-CV-900-Y) | |
| RADIOSHACK CORPORATION, ET AL. § | | |

AND

| | | |
|---|---|---|
| JEFFREY V. CORMIER § | | |
| § | | |
| VS. § | ACTION NO. 4:07-CV-285-Y | |
| § | | |
| RADIOSHACK CORPORATION, ET AL. § | | |

AND

| | | |
|---|---|---|
| ALAN GOLDSTEIN and § | | |
| KEITH RIDERS § | | |
| § | | |
| VS. § | ACTION NO. 4:07-CV-635-Y | |
| § | | |
| RADIOSHACK CORPORATION, ET AL. § | | |

PRACTICE AND PROCEDURE ORDER UPON TRANSFER BY MDL PANEL

1.  This order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("MDL Panel") regarding the Radioshack Corporation "ERISA" litigation, as well as any related actions originally filed with this Court or transferred or removed to this Court, all of which are listed above.  This order shall also govern the practice and procedure in any tag-along actions subsequently

transferred to this Court by the MDL Panel pursuant to rule 9 of the rules of procedure of that panel or subsequently filed in or otherwise transferred or removed to this Court.

2.  The actions listed above are consolidated for pretrial purposes.

3.  All papers filed in these actions shall bear the identification "MDL Docket No. 1875."  When a paper relates to all these actions, the MDL docket number shall be followed only by the notation "ALL CASES."  If a paper does not relate to all of these actions, the individual docket numbers assigned by the clerk of this Court, as reflected above, shall also be listed.

4.  Any paper that is to be filed in any of these actions shall be filed with the clerk of this Court and not with the transferor court.

5.  Counsel who appeared in the transferor court prior to the MDL Panel's transfer need not enter a separate appearance before this Court.

6.  No parties to any of these actions shall be required to obtain local counsel in this district, and the requirements of local civil rule 83.9 are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States District Court.

7.  Hearings shall not be held on any motions filed except by order of the Court upon such notice as the Court directs.

8.  Any paper filed in any of these actions that is substantially identical to any other paper filed in another of

these actions shall be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers, they shall join in the submission of such papers and shall file only one paper on behalf of all so joined.

    9. Any orders, including protective orders, previously entered by this Court or any transferor court shall remain in full force and effect unless modified by this Court upon motion.

    10. All discovery proceedings in these actions are stayed until further order of this Court, and the time requirements to perform any acts or file any papers under Rules 26 through 37 of the Federal Rules of Civil Procedure are tolled pending further order of the Court. After the Court rules on the pending motions to dismiss, the Court will determine whether to require counsel to submit a joint status report and proposed discovery plan or appear at a conference to discuss a schedule for discovery.

    11. The Court will be guided by the Manual for Complex Litigation approved by the Judicial Conference of the United States, and counsel are directed to familiarize themselves with that publication.

    SIGNED March 17, 2008.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE